UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                      **Hon. Hugh B. Scott**

        v.

                                      07CR214A

NICOLE VANESSA CHARLES,

                                      **ORDER**

        Defendant.

       This matter is referred to the undersigned to hear and determine pretrial matters pursuant to 28 U.S.C. § 636 (b)(1)(A) and, pursuant to 28 U.S.C. § 636(b)(1)(B), to submit proposed findings of fact and recommendations for the disposition of any motion excepted by 28 U.S.C. § 636(b)(1)(A) (Docket No. 2). The instant matter before the Court is the defendant's omnibus motion (Docket No. 6) which seeks the following relief: discovery, disclosure of Federal Rules of Evidence 404(b), 608, and 609 materials; disclosure of witnesses' statements; search personnel files of Government agent witnesses; and preservation of rough notes. The Government, in its responding papers (Docket No. 7, at 11), has requested reciprocal discovery from defendant.

       The Government has filed responding papers (Docket No. 7) and oral argument was scheduled for January 9, 2008, and the parties then submitted on their papers and the motion was deemed submitted on January 9, 2008 (Docket No. 8).

## BACKGROUND

Defendant was indicted in a two-count Indictment for importation of a controlled substance, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), (b)(1)(H), and possession of methamphetamine and a drug commonly referred to as MDMA, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Docket No. 1, Indictment).

## DISCUSSION

I.     Discovery

Defendant seeks various items of pretrial discovery. Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

The Government responds generally that discovery has been ongoing, voluntary, and continuing. As for potential <u>Brady</u> material, the Government acknowledges its duty to produce and indicated that it would provide impeachment <u>Brady</u> material (Docket No. 7, Gov't Response at 5, 7-8).

Pursuant to Rule 16(a)(1)(A) the defendant seeks any written or oral statements made by the defendant which are within the possession custody or control of the Government, or which through the exercise of due diligence, may become known to the Government (Docket No. 6, Def. Atty. Aff. ¶ 4(a)).

## BACKGROUND

Defendant was indicted in a two-count Indictment for importation of a controlled substance, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), (b)(1)(H), and possession of methamphetamine and a drug commonly referred to as MDMA, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Docket No. 1, Indictment).

## DISCUSSION

I.     Discovery

Defendant seeks various items of pretrial discovery. Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment. In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

The Government responds generally that discovery has been ongoing, voluntary, and continuing. As for potential <u>Brady</u> material, the Government acknowledges its duty to produce and indicated that it would provide impeachment <u>Brady</u> material (Docket No. 7, Gov't Response at 5, 7-8).

Pursuant to Rule 16(a)(1)(A) the defendant seeks any written or oral statements made by the defendant which are within the possession custody or control of the Government, or which through the exercise of due diligence, may become known to the Government (Docket No. 6, Def. Atty. Aff. ¶ 4(a)).

Rule 16(a)(1)(A) provides that, upon request, the Government must disclose any written or recorded statements made by a defendant, before or after arrest, in response to interrogation by any person known to the defendant to be a Government agent; and recorded testimony of the defendant before the grand jury which relates to the offense charged.[1]  Failure of the Government to disclose a defendant's statements to a Government agent may rise to the level of constitutional due process violation. Clewis v. Texas, 386 U.S. 707 (1967).

In this case, the Government has represented that it believes that it has already disclosed all statements made by the defendant (Docket No. 7, Gov't Response at 4).  To the extent that the Government has not yet done so, pursuant to Rule 16 (a)(1)(A) the Government is hereby directed to produce all such statements made by the defendant.

Pursuant to Rule 16(a)(1)(C), defendant also seeks production of various documents, books, records, photographs, and other tangible objects in the possession, custody or control of the Government.  The Government's response is that it has agreed to produce such items for inspection (id.).

Pursuant to Rule 16(a)(1)(D), defendant has requested the production of the results of any physical or mental examinations or scientific tests (Docket No. 6, Def. Atty. Aff. ¶ 4(h)).  The Government has agreed to produce such examinations (Docket No. 7, Gov't Response at 4).

The Court assumes that the Government's production has satisfied the defendants' request in this regard.

---

[1] Rule 16 (a)(2) expressly provides that subdivision (a)(1) does not authorize disclosure of statements made by Government witnesses or prospective Government witnesses except as provided in 18 U.S.C. § 3500, the Jencks Act.

Next, pursuant to Rule 12(d)(2), defendant requests that the Government give notice of its intention to use at trial any evidence which is discoverable under Rule 16 (Docket No. 6, Def. Atty. Aff. ¶¶ 5-8). Such notice, under the rules, avoids the necessity of a defendant having to move to suppress evidence which the Government does not intend to use.

The Government responds, under Rule 12(b)(4) its intention to use all evidence provided in its case in chief (Docket No. 7, Gov't Response at 4). This response is sufficient notice.

II.     Rules 404, 608 and 609 Evidence

Defendant next requests disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b) (Docket No. 6, Def. Atty. Aff. ¶¶ 9-21). She also requests disclosure of all evidence of prior bad acts that the Government intends to use for impeachment of the defendant should he testify at trial, pursuant to Rules 608(b) and 609(a) (id. ¶¶ 22-23).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The Government states that it will advise defendant of its intention to use other acts evidence pursuant to Rule 404(b) and its intention to offer Rule 608(b) evidence at the time ordered by the Court (Docket No. 7, Gov't Response at 8). The Government shall therefore notify defendant of its intentions in this regard pursuant to the schedule set forth in the District Court's pretrial Order.

III.    Disclosure of Jencks Material

The defendant seeks immediate disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500 (Docket No. 6, Def. Atty. Aff. ¶¶ 24-25). The Jencks Act governs the

4

disclosure of information and statements relating to the Government's witnesses. Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial. In this case, the Government has agreed to disclose this information at the pretrial conference. The defendant has not established that prior disclosure of Jencks material is essential to the preparation of a defense in this case.

IV.     Search of Government Witnesses' Personnel Files

Next, defendant seeks access to agents' personnel files (Docket No. 6, Def. Atty. Aff. ¶¶ 26-29). The Government states that it was not aware of any instances of conduct located in the personnel files of prospective Government witnesses which would provide exculpatory or favorable information to defendant (Docket No. 7, Gov't Response at 10). The Government is directed to review these files to determine if <u>Brady</u> or Jencks material is present. Any responsive information, if any, should be treated as <u>Brady</u> or Jencks material (as appropriate) and disclosed accordingly.

V.      Preservation of Evidence

The defendant has also requested preservation of rough notes and other evidence taken by law enforcement agents involved (Docket 6, Def. Atty. Aff. No. ¶¶ 30-33). The Government has agreed to preserve all items of evidence (Docket No. 7, Gov't Response at 9-10), and requests that defendant preserve her notes of her investigator and witnesses (<u>id.</u> at 10).

**CONCLUSION**

For the reasons stated above, defendant's omnibus motion (Docket No. 6) is **granted in part, denied in part**, as indicated above.  The Government's reciprocal motion for discovery from defendants (Docket No. 7, at 11) is **granted**.

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated:  Buffalo, New York
        January 25, 2008